## UNDERWOOD v. JEFFERSON BANK & TRUST CO.

### No. 3953.

Court of Civil Appeals of Texas. Texarkana.
Jan. 15, 1931.

I. C. Underwood, of Marshall, in pro. per.

P. G. Henderson, T. D. Rowell, Sr., and J. H. Benefield, all of Jefferson, and J. A. R. Moseley, Jr., of Texarkana, for appellee.

LEVY, J.

The appellee brought the suit against the appellant administrator to recover on notes alleged to have been executed by L. T. Little and to foreclose a deed of trust upon land. The administrator rejected the claim sued on when presented to him for allowance against the estate of L. T. Little, deceased, and this suit followed. The appellant pleaded as a defense that the note of $4,000 sued upon was not a valid claim against the estate, and the note of $6,000 placed as collateral security was without consideration, and the mortgage lien was void because upon a homestead. Appellant further pleaded that the estate was wholly insolvent and the land in suit, being the homestead, was not a subject-matter of administration. In a trial before the court, judgment was rendered in favor of the appellee for the principal and interest due on the $4,000 note with the addition of attorney's fees, and for foreclosure of the mortgage lien.

The court made findings of fact, and as there is evidence to warrant them, they are here approved. It is not necessary to set out all the findings at length, as they can be easily referred to. As found by the court, L. T. Little was due and owing the amount of $4,000, and he executed a note therefor on June 26, 1927, and executed the deed of trust on the property described to secure the payment of the same. The $6,000 used merely as a collateral note, was not owing by Mr. Little. Mr. Little died September 16, 1927, leaving surviving him a wife.

As relating to the homestead claim of the mortgaged property, the court found: On March 20, 1923, L. T. Little purchased 41.54 acres, and in July, 1923, he purchased 3 acres, and on June 24, 1924, he purchased 9 acres of land, aggregating 53.54 acres. This was the mortgaged property. The three tracts mentioned were purchased by L. T. Little with the purpose and intention in view of occupying and using same as a homestead. He dug a well, built a derrick, placed a pump in the well, and laid pipes for irrigation of the land, with the intention of growing canna bulbs and other flower plants for commercial purposes. He did so use the land for the purpose stated. He was "prevented from continuing such improvements and occupying such property as a homestead by the sickness and the death of L. T. Little." L. T. Little died on September 16, 1927, and for two years prior to his death was confined to his room and bed.

At the time of the purchase of these tracts of land, L. T. Little was the owner and he and his wife were residing upon and using and claiming as their homestead block No. 89 of the Alley addition in the city of Jefferson, consisting of twelve lots. The 53.54 acres were not a part of block No. 89, but "were

about one-fourth mile separate from each other." "On the date of the execution of the deed of trust in this case and before the land described in the deed of trust was acquired, and for more than two years after the execution of the deed of trust, L. T. Little and his family continued to occupy Block No. 89 in the city of Jefferson as their homestead." The following conclusions were made by the court:

"I conclude that from the first of November, 1920, until the 30th day of September, 1926, L. T. Little and his family occupied Block No. 89 of the Alley Addition to the City of Jefferson, which was no part of the land in controversy, as a homestead.

"I further conclude that the land described in the deed of trust was not part of their homestead on the date the deed of trust was executed.

"I conclude that the mere intention of a person to occupy certain designated land as a homestead, together with improvements put thereon to carry out such intentions, is not sufficient to. constitute such property as a homestead, but before the homestead character will attach to subsequently purchased land, the land actually occupied as a homestead, together with the use thereof as a home, must be actually abandoned and the party must vacate such land."

The salient points presented by appellant on appeal are: "The court should have found, as a matter of law, that the land involved was homestead;" "that the land involved in this suit was the homestead of L. T. Little and his wife at the time of his death and was not subject to administration." The points so made depend entirely upon whether or not the land in suit was in fact impressed with the character of a homestead as determined by the rule applicable thereto. It is believed that the court's finding that the mortgaged land was not homestead in fact is sustained by the evidence. The purchase and the intention to make the 53.54 acres the homestead could not prevail as against the fact found by the court that "on the date of the execution of the deed of trust in this case and before the land described in the deed of trust was acquired and for more than two years after the execution of the deed of trust L. T. Little and his family continued to occupy Block No. 89 in the city of Jefferson as their homestead." Allen v. Whitaker (Tex. Civ. App.) 27 S. W. 507; Staten v. Harris (Tex. Civ. App.) 239 S. W. 334.

Appellant urges further that Mrs. Little was not in any wise before the court and that the judgment entry against her individually was error. The appellee also makes a motion to dismiss as against Mrs. Little. Mrs. Little was not sued nor made a party to the suit by the pleadings of either the plaintiff or the defendant. She did not appear in the suit by any pleading on her part, so far as shown by this record. She does not appeal. Therefore, no judgment, as was done, should have been rendered against her. The judgment in this respect will be reformed so as to eliminate Mrs. Little from the judgment entry.

As so reformed, the judgment will in all things be affirmed.